ALVIS CONRAD, Plaintiff, *v.* THERESA CONRAD, Defendant.

Supreme Court, New York Special Term, November, 1923.

**Husband and wife — action to annul a marriage for fraud — complaint dismissed where physician testified birth of child may have been element in bringing about mental condition of which plaintiff complained.**

Where defendant's physician, who had never treated her for any nervous disease, discovered at the birth of her child, five months after her marriage, that her mind was affected and it is shown by expert testimony that such birth might have been an element in bringing about her mental condition, the complaint in an action to annul the marriage for fraud will be dismissed although the plaintiff testifies that before the marriage the defendant, to his question, " Are you healthy, bodily and physically ? " answered in the affirmative.

ACTION to annul a marriage.

*Cattano & Gilman,* for plaintiff.

*Maurice Bloch,* special guardian, for defendant.

NEWBURGER, J. This is an action to annul a marriage upon the ground of false and fraudulent representations alleged to have been made by the defendant prior to her marriage to the plaintiff. The plaintiff testified that he had known the defendant a year before the marriage and that he saw her every two or three weeks; that in the course of a conversation he asked her: " Are you healthy, bodily and mentally? " and that she said: " Sure." The physician who had treated the defendant, as he describes it, for various small ailments, colds and such things, stated in answer to a question that he never treated the defendant for any nervous disease. It appears that five months after the marriage the defendant was taken to Flower Hospital and gave birth to a child and the physician discovered that her mind was affected. The expert called testified that the fact of her giving birth to a child five months after her marriage may have been an element in bringing about her mental condition. The proof submitted is, in my judg-

ment, insufficient for me to hold that the defendant either concealed or misrepresented her mental condition. The complaint must, therefore, be dismissed, with costs to the special guardian, Maurice Bloch. I desire to take this opportunity of commending him for the great interest he manifested in the unfortunate defendant as special guardian.

Judgment accordingly.